UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RENEE WELCH,

        Plaintiff,                    CIVIL ACTION NO. 12-10045

    v.                                DISTRICT JUDGE GERALD E. ROSEN

DECISION ONE, GMAC MORTGAGE,    MAGISTRATE JUDGE MARK A. RANDON
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS (MERS)
AND LAW OFFICES OF JOHN D. ALLI,

        Defendants.
_____/

## REPORT AND RECOMMENDATION TO GRANT
## DEFENDANTS' MOTIONS TO DISMISS (DKTS. 15, 18)

### I. INTRODUCTION

This is a consumer lending action. Plaintiff Renee Welch ("Plaintiff") alleges, generally, that Defendants engaged in mortgage fraud by failing to provide her with required closing notices and disclosures, in violation of Regulation Z, the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA"). Plaintiff also vaguely challenges alleged assignments of her mortgage and pleads three state law causes of action (slander of title, negligent supervision and common law fraud). Plaintiff seeks rescission of the mortgage on her residence and damages in excess of $1,000,000.

This matter is before the Court on motions to dismiss from all Defendants, *except* the Law Offices of John D. Alli (collectively "Defendants") (Dkts. 15, 18). Judge Gerald E. Rosen referred all pre-trial proceedings to this Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) (Dkt.

17). The motions have been fully briefed (Dkts. 20, 21, 22 and 26), and the Court heard oral argument on May 8, 2012. For the reasons indicated below, this Magistrate Judge finds that Plaintiff's federal claims are barred by the applicable statute of limitations and that her state law claims fail to state a claim upon which relief can be granted. Therefore, it is **RECOMMENDED** that Defendants' motions to dismiss be **GRANTED** and Plaintiff's lawsuit be **DISMISSED WITH PREJUDICE**.

## II.  BACKGROUND

Plaintiff alleges that she entered into a mortgage loan transaction for a property located at 10585 Lanark St., Detroit, Michigan (the "Property") with Defendant Decision One ("Decision One") on February 4, 2005 (Dkt. No. 1, Compl., ¶ 15). Plaintiff obtained a loan in the amount of $99,000 and, as security for the loan, gave Defendant Decision One a mortgage on the Property (*Id.*).

Plaintiff alleges that Decision One never provided her with the disclosures required by Regulation Z of the Code of Federal Regulations (12 C.F.R. § 226, *et seq.*), TILA (15 U.S.C. § 1635, *et seq.*) and RESPA (12 U.S.C. § 2601 *et seq.*) (*id* at ¶¶ 75-95). Plaintiff's allegations against Defendants GMAC Mortgage, MERS and the Law Offices of John D. Alli are less clear. Plaintiff states that "[t]he lender was Decision One (now defunct)" but also that "[t]he loan was with [Defendant] GMAC Mortgage Servicing," a non-existent entity (*id.* at ¶ 15). Plaintiff claims that the loan "was immediately sold and securitized after closing," although this allegation appears based solely on Plaintiff's belief that "[l]oans that have MERS as nominee are almost always sold on the secondary mortgage market and securitized" (*id.* at ¶ 15-16). Plaintiff claims that the alleged securitization of the loan somehow extinguished the loan itself "since the loan

was sold and securitized into stock, the Lender can no longer claim that it is a real party in interest, or even that the loan still exists as a loan, since double dipping is a form of securities fraud" (*id.* at ¶ 26). In other words, Plaintiff alleges that, since the mortgage was converted into a "stock," Defendants cannot foreclose on the Property (*id.* ¶¶ 24, 36).

Plaintiff further alleges that Defendants slandered the title to the Property and negligently supervised their employees, allowing them to make misrepresentations to Plaintiff (*id.* at ¶¶ 97-121).

## II. ANALYSIS

### A. Standard of Review

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. As the Supreme Court has recently made clear, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007)).

A court may consider a document that is not formally incorporated by reference or attached to a complaint if the document(s) is referred to in the complaint and is central to the plaintiff's claim. *See Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999). The Court's consideration of the document(s) does not require conversion of the motion to one for summary judgment. *Id.* In an action challenging a mortgage foreclosure or a failure to make required loan disclosures, this consideration may include documents "exchanged between plaintiff...[and her] mortgage lender at the time of the transaction at issue." *Marshall-Ford v.*

*Wells Fargo Mortgage*, No. 08-15277, 2009 WL 2849524, at * 1, n. 3 (E.D. Mich. Aug. 31, 2009). A court may also consider "matters of public record" when considering a motion to dismiss under Rule 12(b)(6). *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

Complaints drafted by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers and will be liberally construed in determining whether the complaint fails to state a claim upon which relief could be granted. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, courts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), nor may courts construct Plaintiff's legal arguments for her. *See Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). In other words, a court's duty to liberally construe a *pro se* complaint "does not require [the court] to conjure up unpled allegations, or to create a claim for a plaintiff. To command otherwise would require the Court 'to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985); *Armstead v. Bush*, No. 305CV274H, 2005 WL 1503556, at *2 (W.D.Ky. Jun.23, 2005) (internal citations and quotation marks omitted); accord *Watson v. United Bank and Trust*, No. 12-10040, 2012 WL 1606057 (E.D.Mich. April 10, 2012) adopted by 2012 WL 1606073 (E.D.Mich. May 08, 2012).

### B. Plaintiff's Regulation Z, TILA and RESPA Claims Are Time-Barred

Plaintiff's Regulation Z, TILA and RESPA claims are each squarely barred by their respective statutes of limitations. TILA requires specific disclosures in closed-end lending

transactions, including residential mortgage loans. *See* 15 U.S.C. §§ 1638–1639. TILA also grants the Board of Governors of the Federal Reserve System the authority to prescribe regulations carrying out the purposes of TILA. 15 U.S.C. § 1604(a). In response, the Federal Reserve Board has promulgated "Regulation Z," 12 C.F.R. § 226.1 *et seq.*, to implement TILA. *See* 12 C.F.R. § 226.1(a).

A creditor failing to comply with TILA and Regulation Z disclosure requirements is subject to liability in a private action. *See* 15 U.S.C. § 1640(a). Plaintiffs filing suit under this provision must do so "within one year from the date of the occurrence of the violation." § 1640(e). Where a lender violates TILA and Regulation Z disclosure provisions, the violation occurs, at the latest, "when the lender and borrower contract for the extension of credit." *Wachtel v. West*, 476 F.2d 1062, 1065 (6th Cir. 1973).

RESPA requires lenders to disclose all settlement costs, practices and relationships, and also prohibits "kickbacks" and the receipt of unearned fees between lenders and third-party settlement service agents. *See* 12 U.S.C. § 2607(a). RESPA claims are also subject to a one-year statute of limitations, which begins to run "from the date of the occurrence of the violation." *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 421 n. 7 (6th Cir. 2009) (the "occurrence of the violation" is the date "plaintiffs completed the sale of their home" (*i.e.*, the closing date)).

Under certain limited circumstances, the one-year statute of limitations for TILA and RESPA claims are subject to equitable tolling.

> In order to establish equitable tolling by the doctrine of fraudulent concealment, [Plaintiff] must allege and establish that: 1) [Defendant(s)] concealed the conduct that constitutes the cause of action; 2) [Defendants'] concealment prevented [Plaintiff] from discovering the cause of action within the limitations period; and 3) until discovery, [Plaintiff] exercised due diligence in trying to find out about

the cause of action. *Id*. at 422 (citations omitted).

Plaintiff alleges in the Complaint that she closed on the mortgage loan for the Property in February 2005 (Dkt. 1 ¶ 15). This lawsuit was not filed until nearly seven years later – on January 5, 2012 (Dkt. 1). Other than to suggest, in a conclusory manner, that she is entitled to relief, Plaintiff has not alleged any facts to support an equitable tolling of the statutes of limitations in this case. As such, equitable tolling is not warranted, and Plaintiff's Regulation Z, TILA and RESPA claims are barred by their respective one-year statute of limitations period. *See Lancaster v. Countrywide Home Loans*, *Inc*., No. 09-12198, 2009 WL 2584736, 5 (E.D. Mich. Aug.19, 2009) (With respect to statutory damages for a TILA violation, "[p]laintiff obtained her 2006 loan in May of 2006 and did not file the instant lawsuit until April 2009. The statutory period has run, and therefore, damages for Plaintiff's May 2006 loan are barred"); *Keith v. Countrywide Home Loans, Inc.*, No. 08-13398, 2009 WL 1324904, *2 (E.D. Mich. May 12, 2009) ("Plaintiffs' mortgage originated on May 27, 2004 [,] but they did not bring this action until August 5, 2008, well after the statute of limitations for bringing a TILA claim had expired. As a result, Defendants are entitled to summary disposition on all TILA claims in the Amended Complaint").

TILA and Regulation Z also allow debtors to rescind certain transactions within three business days after consummation of the transaction or delivery of specific disclosures, whichever is later. *See* 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(a)(3). This right, however, can be exercised no more than three years after the transaction is consummated, regardless of whether disclosures were delivered. *See* 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3). Plaintiff's Complaint seeks rescission of the mortgage transaction (Dkt. 1; Relief Requested). Because the

loan transaction occurred on February 4, 2005, the statute of limitations expired three years later, in February 2008. Again, Plaintiff filed this action in January 2012 – long after the limitations period for rescission had expired. Because Plaintiff failed to allege facts in support of equitable tolling, her request for rescission should also be dismissed, since it is barred by the three-year statute of limitations.

### C. *Plaintiff's State Law Claims Fail To State A Claim*

Plaintiff also attempts to plead three state law claims against Defendants (Dkt. 1 ¶¶ 96-122). Count VI is a claim for "slander of title/petition to quiet title," Count VII is a claim for "negligent supervision" and Count VIII is a claim for "common law fraud and injurious falsehood." *Id.*

Plaintiff's slander of title claim appears based on a vague challenge to the validity of an alleged assignment of her mortgage. Such a claim fails because Plaintiff lacks standing to challenge an assignment to which she was not a party or third party beneficiary. *See Livonia Property Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC*, 717 F. Supp. 2d 724, 737 (E.D. Mich. 2010). The *Livonia* Court analyzed a challenge to a Michigan mortgage assignment, and concluded the "[b]orrower may not challenge the validity of assignments to which it was not a party or third-party beneficiary, where it has not been prejudiced, and the parties to the assignments do not dispute (and in fact affirm) their validity." This is because a "[b]orrower certainly has an interest in avoiding foreclosure. But the validity of the assignments does not effect *whether* [a] [b]orrower owes its obligations, but only to *whom* [a] [b]orrower is obligated." *Id.* at 735 (emphasis in original).

The *Livonia* decision was affirmed on appeal, and the Sixth Circuit noted that the only

time a borrower may have standing to challenge the assignment is when there is a concern surrounding double liability on the underlying debt. *See Livonia Property Holdings, LLC* v. *12840-12976 Farmington Road Holdings, LLC,* 399 Fed. App'x 97, 103, 2010 WL 4275305 (6th Cir. 2010). Plaintiff makes no allegation concerning a double liability in the Complaint, and therefore her claims challenging the assignment of the mortgage fail as a matter of law and should be dismissed.

Plaintiff also claims that her mortgage "was flawed from the date of origination of the loan because MERS was named as the beneficiary and nominee of the lender on the mortgage, which was done for purposes of deception, fraud, confusing and therefore, harming the Renee Welch [sic] ...." (Dkt. 1 ¶ 55). Plaintiff further alleges that MERS lacks the authority to act as a nominee or to "effectuate mortgage-related assignments, transfers or appointments of any kind" (*id*. ¶ 53). The Michigan Supreme Court, however, recently confirmed that MERS has the power to assign interests in mortgages and even foreclose on mortgages. *See Residential Funding Co., LLC v. Saurman*, 490 Mich. 909 (2011).

Furthermore, under Michigan law the elements of disparagement of title are: (1) falsity of statement and (2) malice. *Michigan Nat'l Bank - Oakland* v. *Wheeling,* 165 Mich. App. 738, 746 (1988). Plaintiff merely offers a conclusory statement that "Defendants have knowingly and maliciously communicated, in writing, false statements that have the effect of disparaging the Renee Welch title [sic] to property" (Dkt. 1 ¶ 97). Plaintiff does not point to any alleged statement by Defendants or describe why that statement was false. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice to survive a motion to dismiss under Rule 12(b)(6). *See Ashcroft v. Iqbal*, *supra,* 556 U.S. 662. Count VII

(negligent supervision) fails for the same reason: the Complaint as a whole is devoid of factual assertions to support Plaintiffs allegations that "Defendant's employees and/or agents' actions ... were unlawful and violated Renee Welch property rights [sic]" or that "Defendants knew or should have known that their employees and/or agents were acting unlawfully" (Dkt. 1 ¶¶ 109-110).

Finally, Count VIII – "common law fraud and injurious falsehood" – alleges that:

> Defendants induced the Renee Welch [sic] to enter into the transaction when there existed in the inducement and execution material representations that were false and were known to be false or were made recklessly, which inducement was reasonably acted upon by Renee Welch and acted upon in reliance thereon and Renee Welch have [sic] suffered injury proximately due to such [sic] (Dkt. 1 ¶ 116).

This allegation is insufficient to state a claim for fraud. Under Fed. R. Civ. P. 9(b), Plaintiff must plead fraud with particularity, meaning: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent."  *Frank* v. *Dana Corp.,* 547 F.3d 564, 570 (6th Cir. 2008) (internal quotations omitted); *see also Bender* v. *Southland Corp.,* 749 F.2d 1205, 1216 (6th Cir. 1984) (noting that components such as time, place, and the contents of the fraud are critical to a finding of sufficient particularity); *Sanderson* v. *HCA-The Healthcare Co.,* 447 F.3d 873, 877 (6th Cir. 2006) (noting that Rule 9(b) requires "that the plaintiff specify the who, what, when, where, and how of the alleged fraud") (internal quotations omitted). "[A] court may dismiss any claims in which the particularity requirement has not been met." *Barkho v. Homecomings Financial, LLC*, 657 F. Supp. 2d 857, 863 (E.D. Mich. 2009).

Plaintiff does not meet the requirements of Rule 9 to plead fraud with particularity.  The

Complaint does not discuss any specific statement allegedly made by any identifiable person, when and where such a statement was made, or any rationale under which the statement could be considered to be false.  As a result, this Magistrate Judge finds that Count VIII fails to state a valid fraud claim.

Even if the Court finds that Plaintiff has plead viable state law claims, "a district court[ ] may decline to exercise supplemental jurisdiction over a claim under [28 U.S.C. § 1367](a) if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Grace v. USCAR*, 521 F.3d 655, 679-680 (6th Cir. 2008) (recognizing it is within a court's discretion to determine whether to continue to exercise supplemental jurisdiction over any remaining state law claims when: (1) a court's subject matter jurisdiction is predicated on federal question jurisdiction and (2) all federal claims are dismissed). "Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) (citations and internal quotations omitted).  Since all of Plaintiff's federal claims are barred by the applicable statutes of limitations, the Court should, alternatively, decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

### D.  *Dismissal Should Apply to All Defendants*

Defendant, the Law Office of John D. Alli, did not move to dismiss this action; however, the arguments raised by Defendants apply with equal force to the Law Office of John D. Alli. Plaintiff has had multiple opportunities to respond to the issues regarding the applicability of the respective statutes of limitations to her federal claims.  Under these circumstances, it would be

futile and an uneconomical use of judicial resources to conduct further proceedings against the sole remaining Defendant. *See Monk v. Bailey*, No. 1:08–CV–903, 2010 WL 4962960, at *4 (W.D. Mich. Oct. 28, 2010) report adopted by 2010 WL 4963013 (W.D. Mich. Dec.1, 2010) (dismissing six unserved "Doe" defendants who allegedly denied plaintiff medical treatment where the plaintiff could not establish exhaustion as to any prison personnel); *Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery,* 44 F.3d 800, 802–03 (9th Cir. 1995)*, cert. denied,* 516 U.S. 864 (1995) (citing*, inter alia, Silverton v. Department of the Treasury,* 644 F.2d 1341, 1345 (9th Cir. 1981)). ("Summary judgment may be properly entered in favor of unserved defendants where (1) the controlling issues would be the same as to the unserved defendants, (2) those issues have been briefed, and (3) [p]laintiff has been provided an opportunity to address the controlling issues.").

Furthermore, the only direct mention of the Law Office of John D. Alli in the Complaint is in paragraph 4, which merely lists the address of that law firm. The Complaint does not contain any other factual allegations against the Alli firm. A district court may, at any time, dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) "when the allegations of a complaint are totally implausible, attenuated, insubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff's Complaint fails to state any plausible claim against the Law Office of John D. Alli, and the Complaint should be dismissed in its entirety, notwithstanding the fact that the Alli firm did not file a motion to dismiss.

### III.  CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that Defendants' motions to dismiss be **GRANTED** and Plaintiff's lawsuit be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

                                              s/Mark A. Randon
                                              MARK A. RANDON
                                              UNITED STATES MAGISTRATE JUDGE

Dated: June 25, 2012

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, June 25, 2012, by electronic and/or first class U.S. mail.*

*s/Melody Miles*
*Case Manager to*
*Magistrate Judge Mark A. Randon*
*(313) 234-5540*