**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RENEE WELCH,

      Plaintiff,

                                Case No. 12-10045

v.                                  Hon. Gerald E. Rosen

                                Magistrate Judge Mark A. Randon

DECISION ONE, *et al.,*

      Defendant.

_____/

**ORDER ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on September 12, 2012

PRESENT:  Honorable Gerald E. Rosen
                  Chief Judge, United States District Court

On June 25, 2012, Magistrate Judge Mark A. Randon issued a Report and

Recommendation ("R & R") recommending that the Court grant the motions to dismiss

brought by Defendants Decision One, GMAC Mortgage, and Mortgage Electronic

Registration Systems.  The Magistrate Judge has further recommended that the claims

against the remaining Defendant, Law Offices of John D. Ali, be dismissed, and that the

complaint filed by Plaintiff Renee Welch be dismissed in its entirety.  On July 9, 2012,

Plaintiff filed an objection to the R & R.  As briefly discussed below, the Court finds no

merit in Plaintiff's objection, and therefore adopts the R & R in its entirety as the opinion

of this Court.

In her objection to the R & R, Plaintiff does not take issue with any aspect of the Magistrate Judge's reasoning or rulings. Rather, she instead suggests that there were defects in the recent foreclosure of her mortgage on the property at issue in this suit. Yet, as Defendants point out in their responses to Plaintiff's objection, Plaintiff's underlying complaint lacks any allegations, claims, causes of action, or theories of recovery arising from or relating to any alleged wrongful foreclosure. Likewise, Plaintiff did not pursue any such theory in her briefing or argument on Defendants' motions to dismiss. Accordingly, by raising this issue for the first time in her objection to the R & R, Plaintiff has waived any claims she might have brought arising from the recent foreclosure of her mortgage.

In any event, even assuming Plaintiff had timely pursued such a claim, it would be unavailing as to any of the Defendants named in her complaint. In their responses to Plaintiff's objection, Defendants state without contradiction that they no longer had any interest in the subject property by the time of the recent foreclosure, and that they were not involved in any way in the foreclosure proceedings. In addition, while Plaintiff tersely cites *Davenport v. HSBC Bank USA,* 275 Mich. App. 344, 739 N.W.2d 383 (2007), and Mich. Comp. Laws § 600.3204(3) as support for the proposition that "the foreclosure proceedings were void ab initio," (Plaintiff's Objection at 2), she has not suggested how the foreclosure of her mortgage failed to comport with the standards set forth in § 600.3204(3) or addressed in *Davenport.* Consequently, Plaintiff has failed to identify a basis upon which the Court could entertain her eleventh-hour challenge to the

2

foreclosure of her mortgage.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Magistrate Judge's June 25, 2012 Report and Recommendation is ADOPTED as the opinion of this Court. IT IS FURTHER ORDERED that, for the reasons stated in the R & R, the January 31, 2012 motion to dismiss brought by Defendants GMAC Mortgage and Mortgage Electronic Registration Systems (docket # 15) is GRANTED, and the February 2, 2012 motion to dismiss brought by Defendant Decision One (docket # 18) likewise is GRANTED.  Finally, IT IS FURTHER ORDERED that, for the reasons stated in the R & R, the claims brought against the Defendant Law Offices of John D. Ali are DISMISSED for failure to state a claim.


s/Gerald E. Rosen_____
Chief Judge, United States District Court

Dated:  September 12, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 12, 2012, by electronic and/or ordinary mail.

s/Shawntel Jackson for Ruth A. Gunther_____
Case Manager

3